**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

JERRY SMITH,

Plaintiff,

v.

ALLSTATE INSURANCE; AARP; CHRISTINE ANDERSON, *All Claims Representative for Hartford*; MIKE BEDDOR, *CEO Japs-Olson Company*; SCOOTER BOERBOOM, *Chief of Police City of Minnetonka*; YESNIA DEL CARMEN; TONY DESANTIS, *CEO The General Automobile Services*; DOUGLAS ELLIOT, *President-CEO for Hartford*; EXPRESS EMPLOYMENT PROFESSIONALS; JAY FLEMING, *SVP of Customer Solutions*; JEFF GABOURY, *Gaboury SVP of Financial Products and Services*; HARTFORD AUTO MANAGED CARE; RYAN HATCHER, *Hatcher SVP of Marketing*; JAPS-OLSON COMPANY; JOHN LAREW, *Larew President and CEO*; ROSE MARTINEZ, *All Claims Representative for Hartford*; MINNETONKA POLICE DEPARTMENT; JULIE PARSONS, *President Allstate*; PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD; CARRIE RAMOS, *All Claims Representative for Hartford*; KRISTEN RYAN, *Claims Representative*; ARMANDO SANCHEZ, *Minnetonka Police Officer #62163*; CAROLYN SOTO; STATE FARM MUTUAL AUTOMOBILE INSURANCE; THE GENERAL AUTOMOBILE SERVICES; THE HARTFORD; MICHAEL TIPSORD, *Tipsord Chairman, President, and CEO*; LIZ JONES, *Claims Representative*; KAREN ELF STRAND,

Civil No. 24-321 (JRT/TNL)

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO AMEND AND MOTION FOR REMAND AND DENYING ALL OTHER MOTIONS AS MOOT**

*Owner*; JOHN DOE, JANE DOE, JESSE DODGE,

Defendants.

Jerry Smith, 915 Eleventh Avenue South, Apartment 5, Hopkins, MN 55343, *pro se* Plaintiff.

Richard S. Stempel, P.O. Box 775, Excelsior, MN 55331, for Defendants Allstate Insurance, Julie Parsons, Kristen Ryan, Carolyn Soto, and Liz Jones.

Jessica P. Hutchinson and Paulette S. Sarp, **HINSHAW & CULBERTSON LLP**, 250 Nicollet Mall, Suite 1150, Minneapolis, MN 55401 for Defendants AARP, Christine Anderson, Douglas Elliot, Jay Fleming, Jeff Gaboury, Hartford Auto Managed Care, Ryan Hatcher, John Larew, Rose Martinez, Property & Casualty Insurance Company of Hartford, Carrie Ramos, and The Hartford.

Sharon R. Markowitz, **STINSON LLP**, 50 South Sixth Street, Suite 2600, Minneapolis, MN 55402 for Defendants Mike Beddor, Japs-Olson Company, and Jesse Dodge.

Elisa M. Hatlevig and Trevor S. Johnson, **JARDINE LOGAN & O'BRIEN PLLP**, 8519 Eagle Point Boulevard, Suite 100, Lake Elmo, MN 55042 for Defendants Tony DeSantis and The General Automobile Services.

Hal A. Shillingstad, **OGLETREE DEAKINS**, 225 South Sixth Street, Suite 1800, Minneapolis, MN 55402 for Defendants Express Employment Professionals and Karen Elf Strand.

Patrick L. Arneson, **LEAGUE OF MINNESOTA CITIES**, 145 University Avenue West, St. Paul, MN 55103 for Defendants Scoot Boerboom, Minnetonka Police Department, and Armando Sanchez.

Lindsey A. Streicher and Scott G. Williams, **HAWS-KM P.A.**, 30 East Seventh Street, Suite 3200, St. Paul, MN 55101 for Defendants State Farm Mutual Automobile Insurance and Michael Tipsord.

Plaintiff Jerry Smith initiated this action against various defendants for alleged damages arising from multiple car accidents. He alleges violations of Minnesota statutes and claims arising from breach of contract, fraudulent misrepresentation, negligence, intentional infliction of emotional distress and other causes of action. In his original complaint he made vague references to the U.S. Constitution but did not bring any specific federal claims. The defendants removed to federal court based on Smith's references to the U.S. Constitution. The Court will grant Smith's motion to amend his complaint to remove all references to federal law and then grant his motion to remand to state court for resolution on the merits. All other motions will be denied as moot.

**BACKGROUND**

Smith originally brought his complaint in Hennepin County alleging a myriad of claims against numerous defendants. (*See* Notice of Removal, Ex. A, Feb. 5, 2024, Docket No. 1.) Defendants Japs-Olson, Jesse Dodge, and Mike Beddor, with the consent of all served defendants, removed the action under 28 U.S.C. § 1331 based on federal constitutional claims. (Notice of Removal ¶¶ 2–4.) The defendants began to file motions to dismiss. (*See, e.g.*, Mot. to Dismiss, Feb. 6, 2024, Docket No. 4.) Smith responded to some but not all of the motions to dismiss. (Mot. for Extension ¶ 3, Apr. 19, 2024, Docket No. 113.)

Smith instead filed a motion for leave to amend his complaint to remove all references to federal law and filed a motion to remand. (Mot. to Amend, Feb. 27, 2024, Docket No. 63; Am. Mot. to Remand, Apr. 18, 2024, Docket No. 108.) Magistrate Judge

Tony N. Leung indicated Smith's motion for leave to amend could be proper, but that Smith must comply with the local rules. (Order Setting Deadlines ¶ 1, Mar. 1, 2024, Docket No. 66.) Smith refiled his amended complaint with redlines per Magistrate Judge Leung's order but failed to meet and confer or file a meet and confer statement. (Ex. Am. Compl. Redlined Version, Mar. 18, 2024, Docket No. 73.) Some defendants oppose the motion to amend because they claim Smith did more than just remove the federal claims. (*See, e.g.*, Response in Opp. Mot. to Amend at 3, Mar. 25, 2024, Docket No. 84.) Smith renewed his request for remand to state court but in the alternative requested additional time to respond to all the defendants' motions to dismiss. (Mot. for Extension ¶¶ 3–5.)

**DISCUSSION**

Smith requests permission from the Court to amend his complaint and remove all references to federal law such that the complaint is appropriate for remand to state court. Federal Rule of Civil Procedure 15(a) allows a party to amend its pleading with consent of the opposing parties or leave from the Court, and the Court "should freely give leave when justice so requires." When evaluating whether leave to amend should be granted, the court considers futility, prejudice to the opposing parties, bad faith of the filing party and undue delay. *Hayat v. Maine Heights, L.L.C.*, No. 21-442, 2021 WL 2379396, at *2 (D. Minn. June 10, 2021) (citing *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998).

Overall, the factors favor allowing Smith to amend his complaint. As a pro se plaintiff, he was surprised by the removal to federal court and promptly responded with his motion for leave to amend, negating any accusations of bad faith or undue delay. It

would not prejudice the defendants because the claims upon which removal was based are unspecific and unsupported, and removing these claims narrows the scope of the action. While Smith does seem to have added some other information while removing reference to federal law, there are no drastic departures. Finally, although Smith did not follow the meet and confer requirements identified by Magistrate Judge Leung, because Smith is pro se and has complied with the most substantial requirement of submitting an edited proposed amendment, the Court will not preclude the amendment based solely on a failure to meet and confer.

With leave to amend, Smith next requests the action be remanded to state court. The Court finds two bases for remand. First, the Eighth Circuit recently held that following an amendment deleting all federal claims, the court no longer has a removable federal question and cannot exercise supplemental jurisdiction. *Wullschleger v. Royal Canin U.S.A., Inc.*, 75 F.4th 918, 922 (8th Cir. 2023), *cert. granted sub nom.*, *Royal Canin U.S.A., Inc. v. Wullschleger*, 2024 WL 1839095. While controlling on the Court here, it remains to be seen how the Supreme Court will decide this case.

Even if *Royal Canin* did not categorically require remand, there is no question that courts can decline supplemental jurisdiction after federal claims have been eliminated from a complaint. 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988). Typically, once the federal claims are gone, courts decline to exercise supplemental jurisdiction. *Hayat*, 2021 WL 2379396 at *2 (quoting *McManemy v. Tierney*,

970 F.3d 1034, 1041 (8th Cir. 2020)). The Court will follow that trajectory here. Smith's allegations that the defendants violated the U.S. Constitution were vague and ambiguous to begin with and the litigation is at its early stages. As such, this action belongs in state court for resolution of the questions of state law. The Court will grant Smith's amended motion for remand. Because the Court is remanding the entire action back to state court, the other pending motions will be denied as moot.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Leave to Amend [Docket No. 63] is **GRANTED;**
2. Plaintiff's Amended Motion to Remand to State Court [Docket No. 108] is **GRANTED**;
3. The case is **REMANDED** to Hennepin County District Court for the State of Minnesota;
4. Plaintiff's Motion for Order Requiring Clerk of Court to Serve Summons, Complaint, and Interrogatory [Docket No. 112] is **DENIED as moot**;
5. Plaintiff's Motion for Extension of Time [Docket No. 113] is **DENIED as moot**;
6. Defendants' Motions to Dismiss [Docket Nos. 4, 12, 19, 26, 33, 58, 67, 77] are **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: May 23, 2024
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge